■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN B. and JAMES R., Respondents. — Appeal from judgments of the County Court of Chenango County (Farley, J.), rendered June 23, 1982, which adjudicated each defendant a youthful offender. As a result of an incident which occurred on September 17, 1981 at the residence of one Len Tyler in the Town of New Berlin, Chenango County, wherein a robbery was allegedly perpetrated at gunpoint, defendants were each indicated on two counts of robbery in the first degree (Penal Law, § 160.15, subds 2, 4), one count of robbery in the second degree (Penal Law, § 160.10), one count of robbery in the third degree (Penal Law, § 160.05), two counts of burglary in the first degree (Penal Law, § 140.30, subds 1, 4), two counts of burglary in the second degree (Penal Law, § 140.25, subd 1, par [c]; subd 2) and one count of burglary in the third degree (Penal Law, § 140.20). Defendant John B. was also indicted on one count of criminal mischief in the fourth degree (Penal Law, § 145.00). Subsequently, on June 9, 1982, defendants were each permitted to plead guilty to one count of robbery in the first degree in full satisfaction of the respective indictments against them. There followed on June 23, 1982 a mitigation hearing after which the court vacated defendants' guilty pleas, adjudicated them youthful offenders and sentenced them each to a term of 60 days' incarceration and five years' probation. The People now appeal and argue that it was error as a matter of law to confer youthful offender status upon defendants. We disagree. The People correctly point out that defendants, having been convicted of an armed felony offense, are eligible for youthful offender treatment only if there were mitigating circumstances that bore directly upon the mode of commission of the crime or defendants' participation in the crime was relatively minor although not so minor as to constitute a defense to the prosecution (see CPL 720.10, subd 3). In these cases, however, defendants were only 17 years old, and neither one was armed with a gun. There is further evidence that they were not the ringleaders in the affair, but rather were pressured by older companions to participate in the robbery. Given these circumstances, the court could justifiably conclude that mitigating circumstances were present and that the older participants and not defendants were the main actors in the perpetration of the crime. Accordingly, no abuse of discretion by the court has been shown and the challenged judgments should be affirmed (see *People v Kalicki,* 49 AD2d 1032). Judgments affirmed. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.