■ Louis L. Bassett et al., Respondents, v Bando Sangsa Company, Ltd., et al., Appellants. — Order, Supreme Court, New York County (Ira Gammerman, J.), entered on April 8, 1983, affirmed. Respondents shall recover of appellants $75 costs and disbursements of this appeal. Concur — Kupferman, J. P., Sullivan, Bloom and Alexander, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would modify the order appealed from so as to deny plaintiff's motion to strike the defense of lack of jurisdiction of the person as to defendant Bando Sangsa Company, Ltd., except as to the sixth cause of action, as to which said defendant concedes the propriety of the order. This complaint and this record are so confusing and yet skimpy that I think it is safer not to make any final rulings of law, either as to the sufficiency of the complaint or jurisdiction, until the facts are more fully explored.

■ The People of the State of New York, Respondent, v Efrain Ortiz, Appellant. — Judgment, Supreme Court, Bronx County (Barry Salman, J.), rendered October 2, 1981, convicting defendant after trial of robbery in the first degree, robbery in the second degree and two counts of criminal possession of a weapon in the fourth degree, and sentencing him to concurrent indeterminate terms of 2 to 6 years and 1½ to 4½ years, and two definite one-year terms, unanimously reversed, on the law and on the facts, and in the exercise of discretion, the convictions vacated and in lieu thereof defendant adjudicated a youthful offender, and sentenced to time served. Defendant was convicted, with another, in the knifepoint robbery of one Raymond Vasquez. Defendant claimed that the robbery was in retaliation for an earlier robbery in which $40 had been taken from him by Vasquez, inside Theodore Roosevelt High School. Defendant testified that he had reported the robbery to the police, but without any results. Both defendants were convicted after a nonjury trial. At sentencing the court rejected defendant's request for youthful offender treatment, although it noted, "This case is a sad case * * * [defendant is] in fact a victim of a situation of an occurrence prior to the case that's before this court." In the circumstances defendant should have been adjudicated a youthful offender. He was 17 years old at the time of the incident and had no prior criminal record. While self-help cannot be condoned, especially as justification for the commission of a crime of violence, defendant's crime was apparently a direct result, as the Trial Judge noted, of a previous similar transgression against him by the complainant. In frustration defendant sought the justice he believed had been denied him. In such circumstances, to deny youthful offender treatment and to sentence defendant to 2 to 6 years was an abuse of discretion. The People argue that defendant is ineligible for youthful offender treatment because CPL 720.10 (subd 3) only permits such an adjudication when a court finds "mitigating circumstances that bear directly upon the manner in which the crime was committed". This section, however, concerns only those who have been convicted of an armed felony offense. Defendant's conviction of a knifepoint robbery is not such a crime (see CPL 1.20, subd 41). CPL 720.10 (subd 2), which establishes the requirements for eligibility for youthful offender treatment, does not preclude defendant from being so adjudicated. Since defendant has been paroled we conclude that a sentence to time already served would be appropriate. Concur — Kupferman, J. P., Sandler, Sullivan, Bloom and Alexander, JJ.