■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKIM DONGO, Appellant. [663 NYS2d 878] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered February 8, 1996, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree with the defendant's contention, as conceded by the People, that his purported waiver of his right to appeal, made as a condition of his plea of guilty, was ineffective. The court made no inquiry on the record as to whether the defendant understood the implications of the waiver (*see, People v McCaskell*, 206 AD2d 547). Furthermore, the court wholly failed to explain to the defendant the extent of the appellate rights he would be required to waive (*see, People v Bryant*, 225 AD2d 786). Inasmuch as the record is insufficient to find the defendant's waiver of his right to appeal to have been knowing, intelligent, and voluntary (*see, People v Callahan*, 80 NY2d 273), his present contentions challenging the denial of that branch of his omnibus motion which was to suppress physical evidence are properly presented for our review (*see, People v Cohen*, 210 AD2d 343).

Nevertheless, the court correctly denied that branch of the defendant's motion which was to suppress a gun recovered incident to his arrest. The court's determination rested largely upon its assessment of the credibility of the testifying officer and is entitled to great deference (*see, People v Prochilo*, 41 NY2d 759). Since the court's conclusion is amply supported by the credible evidence adduced at the suppression hearing, it need not be disturbed (*see, People v Garafolo*, 44 AD2d 86).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.