THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE REYNOLDS, Appellant. [901 NYS2d 896]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (DeRosa, J.), imposed July 16, 2008, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Covello, Balkin, Chambers and Sgroi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED SHOMAN, Appellant. [901 NYS2d 533]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered December 19, 2007, convicting him of burglary in the second degree and petit larceny, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record is insufficient to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v Gladden*, 267 AD2d 400 [1999]; *People v Dongo*, 244 AD2d 353 [1997]). However, since the defendant pleaded guilty with the express understanding that if he failed to complete a drug treatment program, the Supreme Court would impose the enhanced sentence of which he now complains, he has no basis to now complain that his sentence was excessive (*see People v Williams*, 70 AD3d 733 [2010]; *People v Billups*, 63 AD3d 750 [2009]; *see also People v Kazepis*, 101 AD2d 816 [1984]). In any event, under the circumstances, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.