■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID S., Appellant. [911 NYS2d 647]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered November 26, 2008, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (*see* CPL 720.20 [3]), the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance with CPL 720.35.

The record is insufficient to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v Bradshaw*, 76 AD3d 566 [2010]; *People v Shoman*, 74 AD3d 843 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Gladden*, 267 AD2d 400 [1999]; *People v Dongo*, 244 AD2d 353 [1997]). Accordingly, the defendant's purported waiver of his right to appeal does not preclude review of his contention that the Supreme Court should have afforded him youthful offender treatment. Furthermore, the defendant sufficiently preserved his claim for youthful offender treatment by raising the issue at sentencing (*see People v Gomez*, 60 AD3d 782, 783 [2009]; *People*

*v Murray*, 57 AD3d 921 [2008], *affd* 15 NY3d 725 [2010]; *cf. People v Ficchi*, 64 AD3d 1195 [2009]; *People v Warde*, 45 AD3d 879, 880 [2007]). We agree with the defendant's contention that, under the circumstances, his request for youthful offender treatment should have been granted. Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.