Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered July 28, 2010, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20 [3]), the sentence is vacated, and the matter is remitted to the Supreme Court, Queens County, for the imposition of sentence pursuant to Penal Law § 60.02 and for further proceedings in accordance with CPL 720.35.
Under the particular circumstances of this case, including the “age, experience and background” of the defendant (People v Seaberg, 74 NY2d 1, 11 [1989]), there was not a knowing, voluntary, and intelligent waiver of the defendant’s right to appeal. Therefore, review of the defendant’s contention that he should have been afforded youthful offender treatment is not precluded (see People v Franko, 98 AD3d 525 [2012]; People v David S., 78 AD3d 1205 [2010]). Although the defendant did not fully comply with the requirements imposed by the Supreme Court as conditions of receiving youthful offender treatment, the record nevertheless demonstrates, among other things, that the defendant made genuine efforts to further his education, and to overcome his substance abuse problem, and that the residential drug treatment program in which the defendant was enrolled wanted to continue treating him. Thus, the Supreme Court should have granted the defendant youthful offender status, as recommended by the Probation Department.
The defendant’s remaining contention is without merit. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.