■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN M., Appellant. [41 NYS3d 916]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered July 29, 2014, convicting him of assault in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the convictions are deemed vacated and replaced with a finding that the defendant is a youthful offender (*see* CPL 720.20 [3]), the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of sentence pursuant to Penal Law § 60.02 and for further proceedings in accordance with CPL 720.35.

The record is insufficient to demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Bradshaw*, 76 AD3d 566, 569-570 [2010]; *People v Shoman*, 74 AD3d 843 [2010]). Accordingly, the defendant's purported waiver of his right to appeal does not preclude review of his contention that the Supreme Court should have afforded him youthful offender treatment. Furthermore, the defendant sufficiently preserved his claim for youthful offender treatment by raising the issue at sentencing (*see People v Gomez*, 60 AD3d 782, 783 [2009]; *People v Murray*, 57 AD3d 921 [2008]).

Under the particular circumstances of this case, the defendant's request for youthful offender treatment, as recommended by the Department of Probation, should have been granted (*see People v Charles S.*, 102 AD3d 896 [2013]; *People v David S.*, 78 AD3d 1205 [2010]; *People v Bruce L.*, 44 AD3d 688 [2007]; *People v Nadja B.*, 23 AD3d 394 [2005]). Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.