THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS B., Appellant. [43 NYS3d 471]—

Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Miller, J.) rendered October 31, 2014, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the amended judgment is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20 [3]), the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of a sentence pursuant to Penal Law § 60.02 and for further proceedings in accordance with CPL 720.35.

Contrary to the People's contention, the defendant's purported waiver of the right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 265 [2011]; People v Lopez, 6 NY3d 248, 257 [2006]; People v Brown, 122 AD3d 133 [2014]), and thus does not preclude review of his claim that he should have been afforded youthful offender treatment (cf. People v Pacherille, 25 NY3d 1021 [2015]).

On July 15, 2011, just three weeks after he had turned 14, the defendant participated in a robbery with several older youths, one of whom threatened the complainant with a knife. Nearly two years later, the defendant was arrested and indicted with 13 others for various counts of robbery and conspiracy to commit robberies. Although the defendant was charged with engaging in the conspiracy, he was alleged to have been physically present at only the 2011 robbery. He was several years younger than nearly all of the other participants and had no prior contact with the criminal justice system. The defendant pleaded guilty to robbery in the first degree (see Penal Law § 160.15 [3]) and petit larceny with the promise that if he successfully completed a "Project Redirect" program, the felony would be dismissed.

Upon a finding that the defendant was noncompliant with the terms of the program, the Supreme Court sentenced him on the robbery in the first degree conviction to five years imprisonment with 2½ years of postrelease supervision. The court considered but rejected youthful offender treatment. The court also, at sentencing, dismissed the count of petit larceny.

Subsequently, it was realized that the sentence imposed was illegal inasmuch as the defendant had been a juvenile offender at the time of the commission of the crime (*see* Penal Law §§ 10.00 [18] [2]; 30.00 [2]). Consequently, on October 31, 2014, the court sentenced him as a juvenile offender to 1²/₃ to 5 years of imprisonment (*see* Penal Law § 70.05), again declining to accord him youthful offender status. The defendant appeals from the amended judgment, contending that the Supreme Court should have granted his request for youthful offender treatment. We agree.

Initially, we note that it is uncontested that the defendant is eligible for youthful offender treatment because he was charged with being a juvenile offender (*see* CPL 720.10 [1]; Penal Law § 60.10 [1]; *People v Stump*, 100 AD3d 1457, 1458 [2012]), and he was convicted of Penal Law § 160.15 (3), which is not an armed felony (*see* CPL 720.10 [2]; 1.20 [41]; *People v Flores*, 222 AD2d 450 [1995]; *People v Ortiz*, 97 AD2d 710 [1983]). "The youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths . . . with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals" (*People v Drayton*, 39 NY2d 580, 584 [1976]). Here, the evidence before the court showed that the defendant participated with a group of other youths in a single robbery at an age when he was barely capable of being held criminally responsible for his conduct (*see* Penal Law § 30.00). Although the defendant did not fully comply with the requirements of the "Project Redirect" program, there is no indication in the record that he is incapable of rehabilitation. Indeed, no further criminal conduct was alleged during that time. Under these circumstances, in view of the defendant's tender years, background, and lack of juvenile or criminal record, the interest of justice would be served by relieving the defendant from the onus of a criminal record (*see* CPL 720.20 [1] [a]; *People v Charles S.*, 102 AD3d 896 [2013]; *People v David S.*, 78 AD3d 1205, 1206 [2010]; *People v Bruce L.*, 44 AD3d 688 [2007]; *People v Nadja B.*, 23 AD3d 394 [2005]; *People v Senghor D.*, 240 AD2d 589 [1997]).

In light of our determination, we do not reach the defendant's remaining contention. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.