People v Sheldon O. (2019 NY Slip Op 01430)





People v Sheldon O.


2019 NY Slip Op 01430


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-05603
 (Ind. No. 2297/14)

[*1]The People of the State of New York, respondent,
v
Sheldon O. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel,
and Anne C. Greenberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joseph E. Gubbay, J.), rendered May 5, 2016, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20[3]), the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for the imposition of sentence pursuant to Penal Law § 60.02 and for further proceedings in accordance with CPL 720.35.
As the People correctly concede, the defendant's purported waiver of his right to appeal was invalid (see People v Payne, 164 AD3d 699; People v Hong Mo Lin, 163 AD3d 849; People v Guarchaj, 122 AD3d 878) and, thus, does not preclude review of his claim that he should have been afforded youthful offender treatment.
A finding of youthful offender status is permissible when "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years" (CPL 720.20[1][a]). " The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case'" (People v McEachern, 163 AD3d 850, 851, quoting People v Hesterbey, 121 AD3d 1127, 1128). In making such a determination, factors to be considered by the court include "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625).
Here, the Supreme Court's determination to deny the defendant youthful offender status was an improvident exercise of discretion (see People v Darius B., 145 AD3d 793; People v Cruickshank, 105 AD2d 325). The evidence demonstrated that the defendant, who was only 18 [*2]years old when he participated in the subject robbery and had spent nearly two years in pretrial detention prior to pleading guilty to robbery in the first degree, played a relatively minor role in the robbery, which, although serious, was orchestrated by his considerably older brother, who was a repeat offender. The defendant suffers from developmental delays. While the defendant did participate in the robbery, it was the defendant's brother, not the defendant, who wielded a gun and committed a sexual assault against one of the victims. Additional mitigating circumstances include the defendant's lack of a prior juvenile record, criminal record, or violent history, and his cooperation with the authorities as part of the plea deal. Moreover, the defendant either had graduated from high school or was on the cusp of graduating from high school. Under all the circumstances, the interest of justice would be served by "relieving the defendant from the onus of a criminal record" (People v Darius B., 145 AD3d at 794; see CPL 720.20[1][a]).
In light of our determination, we need not reach the defendant's remaining contention.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court