People v Cherry (2019 NY Slip Op 08687)





People v Cherry


2019 NY Slip Op 08687


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-05391
 (Ind. No. 2231/16)

[*1]The People of the State of New York, respondent,
v
Dionte Cherry, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin Murphy, J.), rendered February 8, 2018, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant, who argued at sentencing that he should be afforded youthful offender treatment, preserved for appellate review his argument that he should have been afforded such treatment (see CPL 470.05[2]; People v Morse, 144 AD3d 710; People v David S., 78 AD3d 1205; People v Gomez, 60 AD3d 782). However, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying him youthful offender treatment. As the defendant was convicted of an armed felony (see CPL 1.20[41]), he was eligible to have this conviction replaced with a youthful offender adjudication only if there were "mitigating circumstances that [bore] directly upon the manner in which the crime was committed," or if his participation in the crime was "relatively minor" (CPL 720.10[3]). Mitigating circumstances include "[f]actors directly' flowing from and relating to [the] defendant's personal conduct while committing the crime," but generally, do not include the "defendant's age, background, criminal history and drug habit" (People v Garcia, 84 NY2d 336, 342; see People v D.M., 168 AD3d 879, 880). Here, considering the defendant's conduct, which included pointing a firearm at an individual and stealing money from him, there are insufficient mitigating circumstances bearing directly upon the manner in which the crime was committed (see People v Rosado, 173 AD3d 776, 777; People v D.M., 168 AD3d at 880; People v Keith, 144 AD3d 705, 706; People v Henry, 76 AD3d 1031). Moreover, although the defendant was not the sole participant in the crime, the defendant's participation cannot be described as relatively minor (see People v D.M., 168 AD3d at 880; People v Mackson, 154 AD3d 780, 781; People v Keith, 144 AD3d at 706).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court