People v Carlos M.-A. (2020 NY Slip Op 01083)





People v Carlos M.-A.


2020 NY Slip Op 01083


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-02802
 (Ind. No. 17-144)

[*1]The People of the State of New York, respondent,
v
Carlos M.-A. (Anonymous), appellant.


James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered January 16, 2018, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20[3]), the sentence is vacated, and the matter is remitted to the County Court, Rockland County, for the imposition of sentence pursuant to Penal Law § 60.02 and for further proceedings in accordance with CPL 720.35.
Under the particular circumstances of this case, we agree with the defendant's contention that the County Court improvidently exercised its discretion in denying him youthful offender treatment. As the defendant was convicted of an armed felony (see CPL 1.20[41]), he was eligible to have this conviction replaced with a youthful offender adjudication only if, inter alia, there were "mitigating circumstances that [bore] directly upon the manner in which the crime was committed" (CPL 720.10[3][i]). Mitigating circumstances include "[f]actors directly' flowing from and relating to [the] defendant's personal conduct while committing the crime," but generally, do not include the "defendant's age, background, criminal history and drug habit" (People v Garcia, 84 NY2d 336, 342). Here, while there is no question that the defendant stands convicted of a serious crime, no physical harm or injury resulted to the complainant from the incident (see id. at 342; People v Marquis A., 145 AD3d 61, 68; People v Reyes, 221 AD2d 202), and the defendant was an "eligible youth" under CPL 720.10(2) for purposes of youthful offender treatment.
Moreover, in the exercise of our discretion, we determine that the defendant should be granted youthful offender treatment (see CPL 720.20[1]; People v Middlebrooks, 25 NY3d 516, 527). In making such a determination, factors to be considered by the court include "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v [*2]Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625). Here, the evidence demonstrated that the defendant was only 16 years old when he participated in the subject robbery, using a BB gun. The defendant has no prior criminal record or violent history. He has strong family support. The presentence report recommended that the defendant be adjudicated a youthful offender and be sentenced to a term of probation supervision. Indeed, the recommendation in the presentence report was that "the defendant be given another chance to change his behavior and do better for himself and not let this one bad choice as a 16 year old determine the path for his adult life." Moreover, the presentence report indicated that the defendant expressed genuine remorse and a sincere desire to make better choices in the future. Under all these circumstances, the interest of justice would be served by "relieving the defendant from the onus of a criminal record" (People v Darius B., 145 AD3d 793, 794; see CPL 720.20[1][a]; People v Sheldon O., 169 AD3d 1062; People v Kevin M., 145 AD3d 798, 799; People v David S., 78 AD3d 1205).
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court