People v St. Hill (2022 NY Slip Op 06945)

People v Hill

2022 NY Slip Op 06945

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-05155
 (Ind. No. 2926/13)

[*1]The People of the State of New York, respondent,
v
Jason St. Hill, appellant.

Patricia Pazner, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; Cory D. Conley on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Michael B. Aloise, J.), imposed July 1, 2021, upon his conviction of robbery in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v St. Hill, 193 AD3d 987).
ORDERED that the resentence is affirmed.
The defendant was convicted of robbery in the first degree in violation of Penal Law § 160.15(2), an armed felony (see CPL 1.20[41]; Penal Law § 70.02[1][a]). On a prior appeal, this Court vacated the sentence imposed and remitted the matter to the Supreme Court to make a determination on the record as to whether the defendant was eligible for youthful offender treatment by considering the presence or absence of the factors set forth in CPL 720.10(3) and, if so, whether the defendant should be afforded youthful offender status. Upon remittitur, the Supreme Court determined that the defendant was not eligible for youthful offender treatment and resentenced the defendant to the original sentence. The defendant appeals from the resentence.
A youth who has been convicted of an armed felony offense is eligible for youthful offender treatment only "if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10[3]). "[I]f the court determines that the defendant is an eligible youth based on the presence of one or more of the CPL 720.10(3) factors, the court is under no obligation to then grant the defendant a youthful offender adjudication. The court simply must exercise its discretion a second time to determine whether the eligible youth should be granted youthful offender treatment pursuant to CPL 720.20(1). On that determination, the court is not limited to the two factors set forth in CPL 720.10(3), which are the only factors the court may consider when determining whether a defendant convicted of an armed felony is an eligible youth. Rather, in making the ultimate determination as to the youthful offender adjudication, the court may consider the broad range of factors pertinent to any youthful offender determination" (People v Middlebrooks, 25 NY3d 516, 527).
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Green, 205 AD3d 1051, 1052 [internal quotation marks omitted]). "In making such a determination, factors to be considered include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Carlos M.-A., 180 AD3d 808, 809 [internal quotation marks omitted]).
Here, contrary to the Supreme Court's determination, the defendant was eligible for youthful offender treatment because both of the mitigating factors set forth in CPL 720.10(3) were present (see People v Carlos M.-A., 180 AD3d at 808; People v Sheldon O., 169 AD3d 1062, 1063; People v James R., 93 AD2d 957). Nevertheless, upon consideration of all of the relevant factors, we conclude that youthful offender treatment was not warranted under the circumstances of this case (see People v Middlebrooks, 25 NY3d at 527; People v McPhee, 116 AD3d 714, 715).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Accordingly, we affirm the resentence.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court