People v Tyjhe H. (2023 NY Slip Op 05620)

People v Tyjhe H.

2023 NY Slip Op 05620

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-01802
 (Ind. No. 5578/16)

[*1]The People of the State of New York, respondent,
v
Tyjhe H. (Anonymous), appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (John T. Hecht, J.), imposed March 9, 2022, upon his conviction of criminal possession of a weapon in the second degree, upon his plea of guilty, after remittitur from the Court of Appeals for resentencing (see People v Tyjhe H., 37 NY3d 1076).
ORDERED that the resentence is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20[3]), the sentence is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance with CPL 720.35.
A finding of youthful offender status is permissible when "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years" (CPL 720.20[1][a]). "The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Sheldon O., 169 AD3d 1062, 1063 [internal quotation marks omitted]). In making such a determination, factors to be considered by the court include "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Cruickshank, 105 AD2d 325, 334). Here, the People agree that youthful offender treatment is warranted. Under the particular circumstances of this case, the defendant should be afforded youthful offender treatment (see People v Sheldon O., 169 AD3d 1062; People v Kevin M., 145 AD3d 798).
Accordingly, we reverse the resentence as a matter of discretion in the interest of justice, deem the conviction vacated and replaced with a finding that the defendant is a youthful offender, vacate the sentence, and remit the matter to the Supreme Court for further proceedings in accordance with CPL 720.35.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court