People v Powell (2025 NY Slip Op 06871)

People v Powell

2025 NY Slip Op 06871

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-00738
 (Ind. No. 6992/18)

[*1]The People of the State of New York, respondent,
v
Zhamir Powell, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice and Wilmer Cutler Pickering Hale and Dorr LLP [Michael G. Bongiorno and Denis R. Hurley], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Matthew Sciarrino, J.), imposed December 2, 2022, upon his conviction of attempted murder in the second degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Powell, 208 AD3d 1366).
ORDERED that the resentence is affirmed.
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Dixon, 233 AD3d 1026, 1027 [internal quotation marks omitted]). "In making such a determination, factors to be considered by the court include 'the gravity of the crime and the manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Tyjhe H., 221 AD3d 731, 731, quoting People v Cruickshank, 105 AD2d 325, 334). Here, the Supreme Court providently exercised its discretion in denying the defendant youthful offender status (see CPL 720.20[1]; People v Bunch, 224 AD3d 924, 925; People v Minaya, 164 AD3d 836, 836).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The Supreme Court did not improvidently exercise its discretion in resentencing the defendant without first ordering an updated presentence investigation report, since he had been continually incarcerated between the initial sentencing and resentencing, and he was afforded the opportunity to provide the court with additional information relevant to sentencing (see People v Kuey, 83 NY2d 278, 282-283; People v McGhee, 111 AD3d 961, 961).
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court