■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MICHEL, Appellant. [41 NYS3d 112]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered December 5, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree and a determinate term of imprisonment of seven years plus five years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree, to run consecutively to each other.

Ordered that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of murder in the second degree shall run concurrently with the sentence

imposed on the conviction of criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed.

The defendant and an accomplice committed a robbery at a cell phone store in Brooklyn. The defendant pointed a gun at the owner of the store while his accomplice loaded a bag with store merchandise. The victim, an employee of a neighboring store, tried to block their escape by holding the door of the cell phone store shut. As the defendant and his accomplice pushed past the victim, the gun discharged, and the victim was killed.

The defendant's contention that the Supreme Court failed to properly respond to the jury's request for explanation of the charges is unpreserved for appellate review (see CPL 470.05 [2]; *People v Cox*, 54 AD3d 684, 685 [2008]; *see also People v Spruill*, 245 AD2d 534, 535 [1997]; *People v Fecunda*, 226 AD2d 474, 474 [1996]) and, in any event, without merit. The court responded meaningfully to the jury's request, and the jury is presumed to follow the court's instructions (see CPL 310.30; *People v Malloy*, 55 NY2d 296, 301 [1982]; *People v Tohom*, 109 AD3d 253, 268 [2013]; *People v Dell'Aera*, 84 AD3d 1109, 1110 [2011]).

As the Supreme Court's charge to the jury was proper, there was no prejudice to the defendant from counsel's alleged failure to object to the adequacy of the charge. Thus, the defendant's claim of ineffective assistance of counsel on this ground also is without merit (see *People v Baldi*, 54 NY2d 137, 149 [1981]; *People v Clark*, 129 AD3d 1, 16 [2015]).

However, the sentence imposed on the conviction of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3) should not run consecutively to the sentence imposed on the conviction of murder in the second degree. There was no evidence that the defendant "knowingly unlawfully possesse[d] a loaded firearm before forming the intent to cause a crime with that weapon" (*People v Brown*, 21 NY3d 739, 751 [2013]); thus, there was no evidence that the defendant's possession of a weapon was separate and distinct from his possession with regard to the robbery which was the predicate for the felony murder (see *People v Sturkey*, 77 NY2d 979, 980 [1991]; *People v Harris*, 115 AD3d 761, 763 [2014]; *cf. People v Fabers*, 133 AD3d 616, 618 [2015]). Accordingly, we modify the judgment by providing that the sentences run concurrently. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.