■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOOVER TREVOAE JOYNER, Appellant. [64 NYS3d 906]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered November 25, 2015, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant did not validly waive his right to appeal, since the County Court failed to distinguish between the rights automatically forfeited as a consequence of the defendant's plea of guilty and the separate and distinct right to appeal (*see People v Fortier*, 130 AD3d 642 [2015]; *People v Almonor*, 122 AD3d 763 [2014]).

Since the defendant's purported waiver of the right to appeal was invalid, his claim that the County Court improvidently exercised its discretion in denying him youthful offender treatment is not precluded (*see People v Dawkins*, 146 AD3d 898, 899 [2017]). Nevertheless, the defendant's claim is unpreserved for appellate review, since he failed to object or to move to withdraw his plea on the ground that he was denied youthful offender treatment (*see People v Huffman*, 47 AD3d 646 [2008]; *People v Pinheiro*, 44 AD3d 798 [2007]; *People v Demosthene*, 21 AD3d 384 [2005]). In any event, the County Court's denial of youthful offender treatment was a provident exercise of discretion. Since the defendant was convicted of an armed felony offense in which he was the sole participant (*see* CPL 1.20 [41]; Penal Law § 265.03 [3]; *People v Alston*, 145 AD3d 737 [2016]; *People v Quinones*, 140 AD3d 1693 [2016]), he could only be adjudicated a youthful offender if there existed mitigating circumstances that bore directly upon the manner in which the crime was committed (*see* CPL 720.10 [3] [i]). Here, there were insufficient mitigating circumstances that bore directly upon the manner in which the crime was committed (*see People v Keith*, 144 AD3d 705, 706 [2016]; *People v Ojeda*, 118 AD3d 919 [2014]).

Furthermore, since the defendant's purported waiver of the

right to appeal was invalid, it does not preclude review of his excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.