People v Allen (2020 NY Slip Op 00423)





People v Allen


2020 NY Slip Op 00423


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-04275
 (Ind. No. 9995/16)

[*1]The People of the State of New York, respondent,
v
Malik Allen, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Slevin of counsel; Isaiah Affron on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered August 23, 2017, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). The Supreme Court was required to determine on the record, with respect to the conviction of criminal possession of a weapon in the second degree, which constituted an armed felony (see CPL 1.20[41]; 720.10[2][a]; Penal Law §§ 70.02, 265.03), whether the defendant was an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10(3) and, if so, whether he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v Cooper, 159 AD3d 979, 980; People v Rosado, 148 AD3d 1058; People v Alston, 145 AD3d 737). The record does not demonstrate that the court made that determination.
In addition, as to the defendant's conviction of robbery in the first degree (Penal Law § 160.15[1]), the record does not demonstrate that the Supreme Court considered whether the defendant should be afforded youthful offender treatment.
Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, for resentencing after making these determinations. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of our determination, the defendant's contention that the sentence imposed was excessive has been rendered academic.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court