People v Goodman (2020 NY Slip Op 04857)





People v Goodman


2020 NY Slip Op 04857


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-10917
 (Ind. No. 8494/13)

[*1]The People of the State of New York, respondent,
v
Cyrus Goodman, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered September 12, 2016, convicting him of assault in the second degree and attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and sentencing him to consecutive determinate terms of imprisonment of six years on each conviction, to be followed by a period of three years of postrelease supervision.
ORDERED that the judgment is modified, on the law, by providing that the sentence imposed on the conviction of assault in the second degree shall run concurrently with the sentence imposed on the conviction of attempted criminal possession of a weapon in the second degree; as so modified, the judgment is affirmed.
As the People concede, the sentence imposed on the conviction of assault in the second degree should not run consecutively to the sentence imposed on the conviction of attempted criminal possession of a weapon in the second degree. There were no facts adduced at the defendant's plea allocution to establish that the defendant attempted to possess " a loaded firearm before forming the intent to cause a crime with that weapon'" (People v Michel, 144 AD3d 948, 949, quoting People v Brown, 21 NY3d 739, 751; see generally People v Laureano, 87 NY2d 640, 644-645). Accordingly, the terms of imprisonment imposed on the defendant's convictions of assault in the second degree and attempted criminal possession of a weapon in the second degree must run concurrently (see Penal Law § 70.25[2]; People v Ross, 164 AD3d 528, 529; People v Michel, 144 AD3d at 949; People v Harris, 115 AD3d 761, 763; cf. People v Malloy, 33 NY3d 1078, 1080).
The sentence imposed, as modified, was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court