People v Johnson (2021 NY Slip Op 02544)





People v Johnson


2021 NY Slip Op 02544


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-07629
 (Ind. No. 6473/16)

[*1]The People of the State of New York, respondent,
v
Tahjaniy Johnson, appellant.


Paul Skip Laisure, New York, NY (Chelsea Lopez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered May 7, 2018, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) vacating the sentence imposed, and (2) vacating the imposition of mandatory surcharges and fees; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). The Supreme Court was required to determine on the record, with respect to the conviction of attempted assault in the first degree, which constituted an armed felony (see CPL 1.20[41]; Penal Law §§ 70.02[1][b]; 110.00, 120.10[1]), whether the defendant was an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10(3) and, if so, whether he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v Allen, 179 AD3d 941, 941). As the People correctly concede, the record does not demonstrate that the court made that determination. Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, for resentencing after making these determinations. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of our determination, the defendant's contention that the sentence imposed was excessive has been rendered academic.
The defendant was convicted before the enactment of CPL 420.35(2-a), which permits the waiver of surcharges and fees for persons who, like the defendant, were less than 21 years old at the time of the subject crime. However, based on the People's consent, and pursuant to the exercise of our interest of justice jurisdiction, we waive the surcharge and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Chirinos, 190 AD3d 434, 435).
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court