People v Morris (2021 NY Slip Op 06195)





People v Morris


2021 NY Slip Op 06195


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2019-14547
 (Ind. No. 9958/17)

[*1]The People of the State of New York, respondent,
v
Isiah Morris, appellant.


Janet E. Sabel, New York, NY (Robin Richardson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered December 2, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
On October 10, 2017, a detective recovered a loaded firearm from the backpack of the defendant, then 16 years old. The defendant was charged with, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03[3]). On November 4, 2019, the defendant entered a plea of guilty to, among other things, criminal possession of a weapon in the second degree. During the plea proceeding, before the presentence investigation report had been prepared, the defendant asserted that he was eligible for youthful offender treatment on the count of criminal possession of a weapon in the second degree. However, the court found that the defendant was ineligible for youthful offender treatment on that count. At sentencing on December 2, 2019, after the court had received the presentence investigation report, the court did not reconsider the defendant's eligibility for youthful offender treatment.
Here, since the defendant entered a plea of guilty to criminal possession of a weapon in the second degree, which constitutes an armed felony offense (see CPL 1.20[41]; 720.10[2][a]; Penal Law §§ 70.02[1][b]; 265.03[3]), the Supreme Court was required to determine whether the defendant was an "eligible youth" by considering the presence or absence of the factors set forth in CPL 720.10(3) and, if so, whether he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v Johnson, 193 AD3d 1076; People v Allen, 179 AD3d 941, 941). While the ultimate determination as to whether an "eligible youth" (CPL 720.20[1]) should be afforded youthful offender status must be made "[a]fter receipt of a written report of the investigation and at the time of pronouncing sentence" (id.), there is no such requirement with respect to the initial determination as to whether the defendant is an "eligible youth" (CPL [*2]720.10[3]).
However, the Supreme Court improvidently exercised its discretion in finding that the defendant was ineligible for youthful offender status. Pursuant to CPL 720.10(3), although the defendant entered a plea of guilty to an armed felony offense in which he was the sole participant, he could be eligible for youthful offender status if there were "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10[3][i]; see People v Joyner, 156 AD3d 725). Such mitigating circumstances include "'a lack of injury to others or evidence that the defendant did not display a weapon during the crime'" (People v Jones, 166 AD3d 1479, 1480, quoting People v Victor J., 283 AD2d 205, 206; see People v Garcia, 84 NY2d 336, 342; People v Carlos M.-A., 180 AD3d 808; People v Marquis A., 145 AD3d 61, 68-69). Here, there is no indication in the record that the defendant displayed the firearm which was recovered from his backpack, that the defendant caused or threatened any injury to another individual, or that the defendant intended to use the firearm against another individual. Consequently, the court should have determined that the defendant is an "eligible youth," and thus, proceeded to determine whether the defendant is entitled to youthful offender status pursuant to CPL 720.20(1) (see People v Middlebrooks, 25 NY3d at 527).
Insofar as the Supreme Court did not consider whether the defendant should be afforded youthful offender status at the time of sentencing, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, to make that determination and resentence the defendant thereafter (see People v Thomas, 157 AD3d 723, 724-725).
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court