People v Lundi (2022 NY Slip Op 00316)





People v Lundi


2022 NY Slip Op 00316


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2018-01010
 (Ind. No. 355/15)

[*1]The People of the State of New York, respondent,
v
Steve Lundi, appellant.


Patricia Pazner, New York, NY (Priya Raghavan of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Daniel Berman of counsel; Robert Ho on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered April 24, 2017, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). The Supreme Court was required to determine on the record whether the defendant, whose convictions of two counts of robbery in the first degree constituted armed felonies (see CPL 1.20[41]; Penal Law §§ 70.02, 160.15[4]), was an "eligible youth" (CPL 720.10[2][a][ii]) by considering whether the factors set forth in CPL 720.10(3) were present and, if so, whether he should be afforded youthful offender status (see People v Middlebrooks, 25 NY3d 516, 519; People v Kostyk, 186 AD3d 744, 746; People v Hall, 160 AD3d 896, 896; People v Pacheco, 110 AD3d 927, 927). As the People correctly concede, the record does not demonstrate that the court made that determination. Accordingly, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after making this determination. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court