People v Thompson (2022 NY Slip Op 01816)





People v Thompson


2022 NY Slip Op 01816


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2021-05167
2021-05169
(Ind. Nos. 7336/09, 11061/09)

[*1]The People of the State of New York, respondent,
v
Tahriq Thompson, appellant. 


Levitt & Kaizer, New York, NY (Richard Levitt and Zachary Segal of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Neil Firetog, J.), both rendered February 14, 2013, convicting him of attempted murder in the second degree under Indictment No. 7336/09, and manslaughter in the first degree (two counts) under Indictment 11061/09, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). As the People correctly concede, the record does not demonstrate that the Supreme Court made a youthful offender determination despite the defendant's eligibility (see People v Middlebrooks, 25 NY3d 516, 519; People v Rudolph, 21 NY3d at 501; People v Ali-Williams, 172 AD3d 890, 891; People v Lessane, 169 AD3d 827, 828; People v Alston, 145 AD3d 737).
Accordingly, we vacate the sentences, and remit the matter to the Supreme Court, Kings County, for resentencing after making a determination as to whether the defendant should be afforded youthful offender treatment.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court