People v Attah (2022 NY Slip Op 02011)





People v Attah


2022 NY Slip Op 02011


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.


2019-06682
 (Ind. No. 6789/16)

[*1]The People of the State of New York, respondent,
v
Alhassan Attah, appellant.


Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura Johnson, J.), rendered November 27, 2018, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant further contends that mandatory surcharges and fees that were levied at sentencing (see Penal Law § 60.35[a]) should be waived pursuant to CPL 420.35(2-a). Although the People contend that the defendant's argument is unpreserved for appellate review (see CPL 470.05[2]), we consider the merits of the issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c], [6]; cf. People v Johnson, 193 AD3d 1076, 1077; People v Chirinos, 190 AD3d 434, 435).
CPL 420.35(2-a) authorizes a court, upon certain enumerated grounds (see CPL 420.35[2-a][a]-[c]), to waive the otherwise "mandatory" surcharge and fees imposed by statute (Penal Law § 60.35[a]; see generally People v Jones, 26 NY3d 730, 733-737), where an individual was "under the age of twenty-one at the time the offense was committed" (CPL 420.35[2-a]). Here, although it is undisputed that the defendant was 19 years old at the time the underlying offense was committed, the record does not also demonstrate that a waiver of the mandatory surcharge and fees was warranted under any of the grounds enumerated in the statute (see CPL 420.35[2-a][a]-[c]; cf. People v Dyshawn B., 196 AD3d 638, 640). Under the circumstances, and in the absence of the People's consent, we decline to waive the surcharge and fees levied at sentencing in the interest of justice (see People v Whitfield, 198 AD3d 446, 447; cf. People v Dickerson, 201 AD3d 731; People v Rosales, 198 AD3d 988, 989; People v Johnson, 193 AD3d at 1077; People v Chirinos, 190 AD3d at 435).
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court