People v Hernandez (2022 NY Slip Op 22117)

People v Hernandez

2022 NY Slip Op 22117 [75 Misc 3d 22]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 15, 2022

[*1]

The People of the State of New York, Respondent,
v
Emerson Hernandez, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, April 7, 2022

APPEARANCES OF COUNSEL

Feldman & Feldman (Steven A. Feldman of counsel) for appellant.
Raymond A. Tierney, District Attorney (Lauren Tan, Marion Tang and Glenn Green of counsel), for respondent.

{**75 Misc 3d at 23} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is modified, as a matter of discretion in the interest of justice, by vacating the imposition of the mandatory DNA databank fee; as so modified, the judgment of conviction is affirmed.
Defendant pleaded guilty to criminal trespass in the third degree (Penal Law § 140.10 [a]) in satisfaction of an accusatory instrument which had also charged him with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]). On appeal, defendant contends that, since he was charged with criminal possession of marihuana in the fifth degree, an offense which has since been decriminalized, that count has been rendered facially insufficient and, thus, his plea and resulting conviction should be vacated. Additionally, defendant contends that it was an abuse of discretion for the court to have imposed a $50 DNA databank fee in this matter.
Here, in order to be entitled to a dismissal of an accusatory instrument on appeal as a matter of law for a jurisdictional deficiency, defendant needed to successfully challenge the facial sufficiency of the count to which he pleaded guilty (see People v Dumay, 23 NY3d 518 [2014]; People v Mason, 62 Misc 3d 75,{**75 Misc 3d at 24} 78 n 2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). [*2]However, defendant solely challenges the count charging him with criminal possession of marihuana in the fifth degree, to which he did not plead guilty and of which he was not convicted. Consequently, defendant is not entitled to relief pursuant to CPL 160.50 (5), which pertains to convictions of certain marihuana-related offenses (cf. People v Lynch, 69 Misc 3d 147[A], 2020 NY Slip Op 51424[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
When defendant pleaded guilty in 2019, the imposition of a DNA databank fee was mandatory pursuant to CPL 420.35 (2) and Penal Law § 60.35. As the court did not have discretion to decide whether to impose the fee, it could not have abused its discretion, as claimed by defendant on appeal, in imposing such fee. Nonetheless, CPL 420.35 (2-a) now permits the waiver of mandatory surcharges and various fees, including the DNA databank fee, under certain circumstances, including the interests of justice (see CPL 420.35 [2-a] [c]), where the person who committed the charged offense, or offenses, was less than 21 years old at the time of the offending conduct. As defendant was less than 21 years old at the time he committed the subject offense, in the interest of justice, we waive the DNA databank fee imposed upon him at sentencing (see CPL 420.35 [2-a] [c]; People v Johnson, 193 AD3d 1076 [2021]).
Accordingly, the judgment of conviction is modified by vacating the imposition of the mandatory DNA databank fee.
Driscoll, J.P., Garguilo and Emerson, JJ., concur.