People v Allen (2022 NY Slip Op 03525)





People v Allen


2022 NY Slip Op 03525


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2020-06740
 (Ind. No. 9995/16)

[*1]The People of the State of New York, respondent,
v
Malik Allen, appellant.


Patricia Pazner, New York, NY (Jonathan Schoepp-Wong and Sarah Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Melissa Wachs of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Danny Chun, J.), imposed August 5, 2020, upon his convictions of robbery in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Allen, 179 AD3d 941), the resentence being two concurrent determinate terms of imprisonment of 5½ years, to be followed by a period of postrelease supervision of 3 years, and the imposition of mandatory surcharges and fees.
ORDERED that the resentence is modified, on the law and as a matter of discretion in the interest of justice, by vacating so much of the resentence as imposed mandatory surcharges and fees; as so modified, the resentence is affirmed.
The Supreme Court providently exercised its discretion in declining to adjudicate the defendant a youthful offender. One exception to eligibility for youthful offender treatment is where, as here, a defendant has been convicted of criminal possession of weapon in the second degree, which is an armed felony (see CPL 720.10[2][a][ii]; 1.20[41]; Penal Law § 70.02; People v Allen, 179 AD3d 941). Under these circumstances, a defendant is eligible to have this conviction replaced with a youthful offender adjudication only if there existed "mitigating circumstances that [bore] directly upon the manner in which the crime was committed," or if his or her participation in the crime was "relatively minor" (CPL 720.10[3]; see CPL 720.10[2][a]; People v Rosado, 173 AD3d 776, 777; People v Mackson, 154 AD3d 780, 781). "The phrase 'mitigating circumstances that bear directly upon the manner in which the crime was committed,' connotes '[f]actors "directly" flowing from and relating to defendant's personal conduct while committing the crime,' and generally does not include a 'defendant's age, background [and] criminal history'" (People v D.M., 168 AD3d 879, 880, quoting People v Garcia, 84 NY2d 336, 342; see People v Cherry, 178 AD3d 718, 718-719). Here, there were insufficient mitigating circumstances bearing directly upon the manner in which the crime was committed (see CPL 720.10[3]; People v Garcia, 84 NY2d at 342; People v Keith, 144 AD3d 705, 706), and the defendant's participation in the crime was not relatively minor (see CPL 720.10[3]; People v Cherry, 178 AD3d at 718-719; People v D.M., 168 AD3d 879; People v Henry, 76 AD3d 1031, 1031). Moreover, upon consideration of the relevant factors (see People v [*2]Marcel G., 183 AD3d 667), the court further providently exercised its discretion in denying youthful offender treatment with respect to the defendant's conviction of robbery in the first degree (see People v McEachern, 163 AD3d 850; cf. People v Terrence L., 195 AD3d 1041; People v Marcel G., 183 AD3d 667).
The defendant's contentions concerning the terms of imprisonment imposed have been rendered academic by the defendant's completion of those portions of his resentence (see People v Espinoza, 194 AD3d 1070, 1071). The periods of postrelease supervision imposed were not excessive (see People v Suitte, 90 AD2d 80).
However, as consented to by the People, we modify the resentence by vacating the mandatory surcharges and fees imposed on the defendant at resentencing (see People v Mitchell, 201 AD3d 818; People v Dickerson, 201 AD3d 731; People v Jeorid G., 200 AD3d 1069; People v Henry P.-M., 196 AD3d 650; People v Johnson, 193 AD3d 1076, 1077).
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court