People v Powell (2022 NY Slip Op 05335)

People v Powell

2022 NY Slip Op 05335

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-01598
 (Ind. No. 6992/18)

[*1]The People of the State of New York, respondent,
v
Zhamir Powell, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Coby Ballard of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barry E. Warhit, J., at plea; Matthew Sciarrino, J., at sentence), rendered January 14, 2020, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) vacating the sentence imposed, and (2) vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
CPL 720.20 requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). As the People correctly concede, the record does not demonstrate that the Supreme Court made a youthful offender determination despite the defendant's eligibility. Accordingly, we vacate the sentence and remit the matter to the Supreme Court, Kings County, for resentencing after making a determination as to whether the defendant should be afforded youthful offender treatment (see People v Thompson, 203 AD3d 961; People v Downing, 200 AD3d 704, 705).
In light of our determination, the defendant's contention that the sentence imposed was excessive has been rendered academic (see People v Johnson, 193 AD3d 1076, 1077; People v Allen, 179 AD3d 941, 942).
As consented to by the People, we further modify the judgment by vacating the surcharge and fees imposed (see CPL 420.35[2-a]; People v Green, 205 AD3d 1051, 1053; People v Hunter, 203 AD3d 752, 753).
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court