People v Belford (2022 NY Slip Op 06257)

People v Belford

2022 NY Slip Op 06257

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2021-03148
 (Ind. No. 451/19)

[*1]The People of the State of New York, respondent,
v
Nahriek Belford, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Fernando Camacho, J.), rendered March 25, 2021, convicting him of assault in the first degree, manslaughter in the second degree (two counts), and unlawful fleeing a police officer in a motor vehicle in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.
CPL 720.20(1) provides, in relevant part, that, upon the conviction of an eligible youth, "at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender." Compliance with this statutory mandate requires that the sentencing court actually consider and make a determination of whether an eligible youth is entitled to youthful offender treatment, "even where [the] defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request" (People v Rudolph, 21 NY3d 497, 499; see People v Hall, 160 AD3d 896, 896).
Here, as the People correctly concede, the defendant, who entered a plea of guilty to, inter alia, assault in the first degree, was a youth eligible for youthful offender treatment (see CPL 720.10[1], [2]), but the record does not demonstrate that the County Court considered and determined whether the defendant should be afforded youthful offender status. Accordingly, the defendant's sentence must be vacated and the matter remitted to the County Court, Suffolk County, for a determination of whether the defendant should be afforded youthful offender treatment, and, thereupon, resentencing (see People v Rudolph, 21 NY3d at 503; People v Lundi, 201 AD3d 817; People v Kostyk, 186 AD3d 744, 746).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court