People v Acevedo (2022 NY Slip Op 06815)

People v Acevedo

2022 NY Slip Op 06815

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-06423
 (Ind. No. 2354/17)

[*1]The People of the State of New York, respondent,
v
Alexander Acevedo, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens. NY (Johnnette Traill, William Branigan, and Benjamin N. Costanza of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie G. Leach, J.), rendered July 30, 2020, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 564-565; People v Lopez, 6 NY3d 248, 255-257; People v Stevens, 203 AD3d 958, 959; People v Batista, 167 AD3d 69, 77-78). The defendant's valid waiver of his right to appeal precludes this Court's review of his challenge to the Supreme Court's suppression determination (see People v Kemp, 94 NY2d 831, 833).
The defendant further contends that the mandatory surcharge and fees that were imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) in the interest of justice. Contrary to the People's contention, this contention is properly reviewable under the circumstances of this case (see People v Dyshawn B., 196 AD3d 638, 641). However, contrary to the defendant's contention, the record does not demonstrate that a waiver of the mandatory surcharge and fees was warranted pursuant to any of the grounds set forth in CPL 420.35(2-a)(a)-(c) (see People v Attah, 203 AD3d 1063, 1064). Under the circumstances presented, and in the absence of the consent of the People, we decline to waive the surcharge and fees imposed at sentencing in the interest of justice (see id. at 1064; People v Whitfield, 198 AD3d 446; cf. People v Dickerson, 201 AD3d 731).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court