People v Estevez (2024 NY Slip Op 03060)

People v Estevez

2024 NY Slip Op 03060

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-06611
 (Ind. No. 70691/21)

[*1]The People of the State of New York, respondent,
v
Reynol Estevez, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Lauren Slattery on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Abena Darkeh, J.), rendered August 9, 2022, convicting him of assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the sentence imposed, and (2) by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
"Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Baldwin, 186 AD3d 498, 498; see People v Rudolph, 21 NY3d 497, 501; People v Carranza, 216 AD3d 814; People v Powell, 208 AD3d 1366).
Here, as the People correctly concede, the record does not demonstrate that the Supreme Court made a youthful offender determination. Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment, and, thereupon, resentencing (see People v Belford, 210 AD3d 793; People v Johnson, 193 AD3d 1076). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
Based on the People's consent, and pursuant to the exercise of our interest of justice jurisdiction, we waive the surcharge and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Johnson, 193 AD3d 1076).
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court