People v Kimble (2024 NY Slip Op 03441)

People v Kimble

2024 NY Slip Op 03441

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-05284
 (Ind. No. 2670/17)

[*1]The People of the State of New York, respondent,
v
Shyquan Kimble, appellant.

Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Ronald Eniclerico of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lenora Gerald, J.), rendered April 12, 2018, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
"'Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea [agreement]'" (People v Carranza, 216 AD3d 814, 814, quoting People v Baldwin, 186 AD3d 498, 498; see People v Rudolph, 21 NY3d 497, 501). "'Where a defendant is an eligible youth, the determination of whether to afford him or her youthful offender treatment must be explicitly made on the record'" (People v Carranza, 216 AD3d at 814, quoting People v Lockwood, 184 AD3d 670, 670). Here, even though the defendant was an eligible youth, the record does not demonstrate that the Supreme Court made such a determination. Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing after a determination as to whether the defendant should be afforded youthful offender treatment (see People v Belford, 210 AD3d 793; People v Lockwood, 184 AD3d 670). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
In light of our determination, we need not reach the defendant's remaining contention.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court