People v McKinney (2024 NY Slip Op 03766)

People v McKinney

2024 NY Slip Op 03766

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-01786
 (Ind. No. 70902/21)

[*1]The People of the State of New York, respondent,
v
Jacquel McKinney, appellant.

Twyla Carter, New York, NY (Danielle Bernstein of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Darci Wen Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rhonda Z. Tomlinson, J.), rendered February 23, 2022, convicting him of attempted assault in the second degree and attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him to consecutive indeterminate terms of imprisonment of one to three years on each conviction.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by providing that the sentence imposed on the conviction of attempted assault in the second degree shall run concurrently with the sentence imposed on the conviction of attempted criminal possession of a weapon in the third degree, and (2) by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed.
As the People correctly concede, the sentence imposed on the conviction of attempted assault in the second degree should have been imposed to run concurrently with the sentence imposed on the conviction of attempted criminal possession of a weapon in the third degree (see Penal Law § 70.25[2]; People v Goodman, 186 AD3d 1244, 1244). "There were no facts adduced at the defendant's plea allocution to establish that the defendant attempted to possess a loaded firearm before forming the intent to cause a crime with that weapon" (People v Goodman, 186 AD3d at 1244 [internal quotation marks omitted]; see Penal Law § 70.25[2]).
Based on the People's consent, and pursuant to the exercise of our interest of justice jurisdiction, we waive the surcharge and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Estevez, _____ AD3d _____, 2024 NY Slip Op 03060, *2 [2d Dept]; People v Bynum, 225 AD3d 781, 781-782).
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court