People v Chung (2024 NY Slip Op 04779)

People v Chung

2024 NY Slip Op 04779

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2016-03895
 (Ind. No. 1659/14)

[*1]The People of the State of New York, respondent,
v
Sean Chung, appellant.

Joseph Z. Amsel, New York, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Tess Mariel O'Leary of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered April 5, 2016, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not made knowingly, voluntarily, and intelligently is unpreserved for appellate review, as he did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see People v Lopez, 71 NY2d 662, 665; People v Jensen, 205 AD3d 926, 927). Moreover, contrary to the defendant's contention, the narrow exception to the preservation rule does not apply here, as nothing in the defendant's factual recitation cast doubt upon his guilt, negated an essential element of the crime, or called into question the voluntariness of his plea (see People v Bush, 38 NY3d 66, 71; People v Lopez, 71 NY2d at 666). In any event, the record establishes that the defendant's plea was made knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543; People v Razzaq, 202 AD3d 998, 999).
The defendant's contentions with respect to alleged evidentiary errors in the grand jury proceeding were forfeited by the defendant's plea of guilty (see People v Hansen, 95 NY2d 227, 232; People v Rivera, 226 AD3d 929, 931-932).
CPL 420.35(2-a) authorizes a court, upon certain enumerated grounds (see id. § 420.35[2-a][a]-[c]), to waive the otherwise "mandatory" surcharge and fees imposed by statute (Penal Law § 60.35[1][a]; see generally People v Jones, 26 NY3d 730, 733-737) where an individual was "under the age of twenty-one at the time the offense was committed" (CPL 420.35[2-a]). Here, although the defendant was less than 21 years old at the time the underlying offense was committed, the record does not demonstrate that a waiver of the mandatory surcharge and fees was warranted under any of the grounds enumerated in the statute (see id. § 420.35[2-a][a]-[c]; People v Attah, 203 AD3d 1063, 1064). Under the circumstances, and in the absence of the People's consent, we decline to waive the surcharge and fees levied at sentencing in the interest of justice (see People v Attah, 203 AD3d at 1064).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court