People v Forero (2025 NY Slip Op 00981)

People v Forero

2025 NY Slip Op 00981

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2021-02929
 (Ind. No. 1557/19)

[*1]The People of the State of New York, respondent,
v
Carlos Forero, appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; Damian Jhagroo on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered March 16, 2020, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"Upon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender" (CPL 720.20[1]). "'In making such a determination, factors to be considered by the court include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Battle, 209 AD3d 758, 759, quoting People v Sutton, 184 AD3d 236, 246). Here, despite the defendant's lack of a criminal record and other mitigating factors, the Supreme Court did not improvidently exercise its discretion in declining to grant the defendant youthful offender status in light of the nature and circumstances of his offense, which included the stabbing of a victim on the street before stealing money and other valuables (see id.; People v Jearel, 175 AD3d 565, 567).
The defendant contends that the mandatory surcharge and fees that were levied at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a). CPL 420.35(2-a) authorizes a court, upon certain enumerated grounds (see id. § 420.35[2-a][a]-[c]), to waive the otherwise "mandatory" surcharge and fees imposed by statute (Penal Law § 60.35[1][a]; see generally People v Jones, 26 NY3d 730, 733-737), where an individual was "under the age of twenty-one at the time the offense was committed" (CPL 420.35[2-a]). Here, although it is undisputed that the defendant was 17 years old at the time the underlying offense was committed, the record does not also demonstrate that a waiver of the mandatory surcharge and fees was warranted under any of the grounds enumerated in the statute (see id. § 420.35[2-a][a]-[c]; People v Attah, 203 AD3d 1063, 1064). Under the circumstances, and in the absence of the People's consent, we decline to waive the surcharge and fees levied at sentencing in the interest of justice (see [*2]People v Acevedo, 210 AD3d 1106, 1107; People v Attah, 203 AD3d at 1064).
LASALLE, P.J., CHAMBERS, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court