People v Pinnock (2025 NY Slip Op 03825)

People v Pinnock

2025 NY Slip Op 03825

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01645
 (Ind. No. 72793/21)

[*1]The People of the State of New York, respondent,
v
Brandon Pinnock, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered October 28, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the sentence imposed, and (2) by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The defendant was convicted of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03[3]), upon his plea of guilty, and was sentenced to a determinate term of imprisonment of two years, to be followed by two years of postrelease supervision, pursuant to a plea agreement.
The defendant's purported waiver of his right to appeal was invalid, as the truncated oral colloquy was not sufficient to ensure that the defendant understood the nature of the right to appeal (see People v Nathaniel B., 232 AD3d 803; People v Brown, 122 AD3d 133, 145). Nevertheless, the defendant's contention that the offense to which he pleaded guilty was rendered unconstitutional by the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42-51; People v Chase, 223 AD3d 913, 913). We decline to exercise our interest of justice jurisdiction to consider his contention (see CPL 470.15[3][c]; People v Guzman, 227 AD3d 1107, 1108; People v Johnson, 225 AD3d 626, 627).
"Criminal Procedure Law § 720.20(1) requires a court to make a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Baldwin, 186 AD3d 498, 498; see People v Rudolph, 21 NY3d 497, 501; People v Carranza, 216 AD3d 814).
Here, as the People correctly concede, the record does not demonstrate that the [*2]Supreme Court made a youthful offender determination. Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, for a determination of whether the defendant should be afforded youthful offender treatment, and, thereupon, resentencing (see People v Belford, 210 AD3d 793; People v Johnson, 193 AD3d 1076). We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
Based on the People's consent, and pursuant to the exercise of our interest of justice jurisdiction, we waive the surcharge and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Johnson, 193 AD3d 1076).
In light of our determination, we need not reach the defendant's remaining contentions.
CHAMBERS, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court