People v Mejia (2025 NY Slip Op 06186)

People v Mejia

2025 NY Slip Op 06186

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2017-12234

[*1]The People of the State of New York, respondent,
v
Ariel Mejia, appellant. (S.C.I. No. 432/17)

Twyla Carter, New York, NY (Frank Xiao of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Philip Amur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Suzanne J. Melendez, J.), rendered September 5, 2017, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the mandatory surcharge and fees imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see id. § 470.05[2]; People v Frazier, 211 AD3d 1033; People v Taylor, 209 AD3d 772, 773). In any event, the defendant's contention is without merit. CPL 420.35(2-a) authorizes a court, upon certain enumerated grounds (see id. § 420.35[2-a][a]-[c]), to waive the otherwise "mandatory" surcharge and fees imposed by statute (Penal Law § 60.35[a]; see generally People v Jones, 26 NY3d 730, 733-737), where an individual was "under the age of twenty-one at the time the offense was committed" (CPL 420.35[2-a]). Here, although it is undisputed that the defendant was under the age of 21 at the time the underlying offense was committed, the record does not also demonstrate that a waiver of the mandatory surcharge and fees was warranted under any of the grounds enumerated in the statute (see id. § 420.35[2-a][a]-[c]; People v Attah, 203 AD3d 1063, 1064). Under the circumstances, and in the absence of the People's consent, we decline to waive the surcharge and fees imposed at sentencing in the interest of justice (see People v Forero, 236 AD3d 816, 817; People v Acevedo, 210 AD3d 1106, 1107; People v Attah, 203 AD3d at 1064).
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court