People v Smith (2026 NY Slip Op 00914)

People v Smith

2026 NY Slip Op 00914

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-12214
 (Ind. No. 71552/22)

[*1]The People of the State of New York, respondent,
vRodney Smith, appellant.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eugene M. Guarino, J.), rendered November 29, 2023, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the sentence imposed, and (2) by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
CPL 720.20 requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). As the People correctly concede, the record does not demonstrate that the Supreme Court made a youthful offender determination despite the defendant's eligibility. Accordingly, we vacate the sentence and remit the matter to the Supreme Court, Kings County, for resentencing after making a determination as to whether the defendant should be afforded youthful offender treatment (see People v Powell, 208 AD3d 1366, 1366-1367). In light of our determination, the defendant's contention that the sentence imposed was excessive has been rendered academic (see id.; People v Johnson, 193 AD3d 1076, 1077).
As consented to by the People, we further modify the judgment by vacating the surcharge and fees imposed (see CPL 420.35[2-a]; People v Powell, 208 AD3d at 1366-1367).
The defendant's contentions with respect to orders of protection issued at the time of sentencing are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction (see People v Thomas, 193 AD3d 889; People v Castillo, 174 AD3d 918, 918).
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court