■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH HESTERBEY, Appellant. [994 NYS2d 421]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered December 19, 2012, convicting him of course of sexual conduct against a child in the second degree and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal was invalid (*see People v Bradshaw,* 18 NY3d 257 [2011]; *People v Brown,* 122 AD3d 133 [2d Dept 2014]), and does not bar review of the defendant's contention that the Supreme Court improvidently exercised its discretion in denying him youthful offender status (*cf. People v Nye,* 299 AD2d 371, 372 [2002]). " 'The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (*People v Mullings,* 83 AD3d 871, 872 [2011], quoting *People v Ortega,* 114 AD2d 912, 912 [1985]; *see People v Ciminera,* 202 AD2d 684 [1994]; *People v Carter,* 143 AD2d 925, 926 [1988]). Here, we find no basis for disturbing the Supreme Court's determination to deny youthful offender status to the defendant. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.