People v Alleyne (2022 NY Slip Op 01305)





People v Alleyne


2022 NY Slip Op 01305


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-07972
 (Ind. No. 5222/09)

[*1]The People of the State of New York, respondent,
v
David Alleyne, appellant.


Patricia Pazner, New York, NY (Nao Terai and Ava C. Page of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Lawrance Choi on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Donald Leo, J.), imposed June 13, 2019, upon his conviction of course of sexual conduct against a child in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Alleyne, 169 AD3d 710).
ORDERED that the resentence is affirmed.
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d 1127, 1128 [internal quotation marks omitted]; see People v Mullings, 83 AD3d 871, 872). Here, we find no basis to disturb the Supreme Court's determination denying youthful offender status to the defendant (see CPL 720.20[1]; People v Hesterbey, 121 AD3d at 1128; see also People v Beyjones, 186 AD3d 848, 849).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court