People v Green (2022 NY Slip Op 03401)





People v Green


2022 NY Slip Op 03401


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-14103
 (Ind. No. 1082/15)

[*1]The People of the State of New York, respondent,
v
Darnell Green, appellant.


Patricia Pazner, New York, NY (Jonathan Schoepp-Wong and David Fitzmaurice of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Marina Arshakyan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Kenneth C. Holder, J.), imposed November 21, 2019, upon his conviction for manslaughter in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Green, 171 AD3d 1213).
ORDERED that the resentence is modified, on the law and as a matter of discretion in the interest of justice, by vacating so much of the resentence as imposed mandatory surcharges and fees; as so modified, the resentence is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The defendant's written waiver of the right to appeal misstated the applicable law and was misleading, and further misstated that the defendant was giving up the right to poor person relief and postconviction remedies in both state and federal courts separate from his direct appeal (see People v Hernandez-Garcia, 203 AD3d 751; People v Morrison, 199 AD3d 707, 707-708; People v Gaindarpersaud, 188 AD3d 718, 719; People v Habersham, 186 AD3d 854). The Supreme Court's oral colloquy was insufficient to cure the defects of the written waiver (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Hernandez-Garcia, 203 AD3d 751; People v Morrison, 199 AD3d at 707-708; People v Emery, 196 AD3d 599). Thus, the purported waiver does not preclude appellate review of the defendant's claim that the court improvidently exercised its discretion in denying him youthful offender treatment (see People v Cooper, 179 AD3d 832, 833).
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Hesterbey, 121 AD3d 1127, 1128 [internal quotation marks omitted]; see People v Alleyne, 203 AD3d 732; People v Mullings, 83 AD3d 871, 872). Here, we find no basis to disturb the Supreme Court's determination denying youthful offender status to the defendant (see CPL 720.20[1]; People v Alleyne, 203 AD3d 732; People v Beyjones, 186 AD3d 848, 849; People v Hesterbey, 121 AD3d at 1128).
Inasmuch as the defendant's purported waiver of the right to appeal was invalid, it does not preclude appellate review of his excessive sentence claim (see People v Morrison, 199 AD3d at 708; People v Cooper, 179 AD3d at 833). However, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
As consented to by the People, we modify the resentence by vacating the surcharges and fees imposed (see CPL 420.35[2-a][c]; People v Reeves, 203 AD3d 1181; People v Dickerson, 201 AD3d 731; People v Santillan, 200 AD3d 1074, 1075).
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court