People v Taylor (2022 NY Slip Op 05722)

People v Taylor

2022 NY Slip Op 05722

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2018-11640
 (Ind. No. 2621/15)

[*1]The People of the State of New York, respondent,
v
Abanaya Taylor, appellant.

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Denise Pavlides, and Melissa Wachs of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (John T. Hecht, J.), imposed August 28, 2018, upon his conviction of manslaughter in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Taylor, 163 AD3d 726).
ORDERED that the resentence is affirmed.
The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all of the attendant facts and circumstances of the case (see People v Alleyne, 203 AD3d 732; People v Hesterbey, 121 AD3d 1127, 1128). Here, the Supreme Court providently exercised its discretion in denying youthful offender treatment to the defendant (see People v Dhillon, 157 AD3d 900, 901).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that mandatory surcharges and fees imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see CPL 470.05[2]). In any event, as the record does not establish any of the grounds enumerated in the statute to waive such fees and charges, the defendant's contention is without merit (see CPL 420.35[2-a][a-c]; People v Attah, 203 AD3d 1063).
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court