People v Miranda (2023 NY Slip Op 00443)

People v Miranda

2023 NY Slip Op 00443

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2016-13221
 (Ind. No. 2551/14)

[*1]The People of the State of New York, respondent,
v
Chauncey Miranda, appellant.

Patricia Pazner, New York, NY (Ryan Miller of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Jonathan E. Maseng on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Kenneth C. Holder, J.), imposed November 28, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The defendant's written waiver of the right to appeal misstated the applicable law and was misleading (see People v Nicholson, _____ AD3d _____, 2022 NY Slip Op 07079, *1 [2d Dept]; People v Green, 205 AD3d 1051, 1052). The Supreme Court's oral colloquy was insufficient to cure the defects of the written waiver (see People v Bisono, 36 NY3d 1013, 1017-1018; People v Green, 205 AD3d at 1052). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court