People v Johnson (2023 NY Slip Op 03016)

People v Johnson

2023 NY Slip Op 03016

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-05513
 (Ind. No. 6473/16)

[*1]The People of the State of New York, respondent,
v
Tahjaniy Johnson, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Darci Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Matthew J. D'Emic, J.), imposed July 20, 2021, upon his conviction of attempted assault in the first degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Johnson, 193 AD3d 1076).
ORDERED that the resentence is affirmed.
"'The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case'" (People v Green, 205 AD3d 1051, 1052, quoting People v Hesterbey, 121 AD3d 1127, 1128; see People v Lormil, 149 AD3d 1101). "In making such a determination, factors to be considered by the court include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Sutton, 184 AD3d 236, 246 [internal quotation marks omitted]). Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant youthful offender status (see CPL 720.20[1]; People v Beyjones, 186 AD3d 848; People v Jearel, 175 AD3d 565, 566-567; People v Newman, 174 AD3d 651).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court