People v Dixon (2024 NY Slip Op 06605)

People v Dixon

2024 NY Slip Op 06605

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-10323

[*1]The People of the State of New York, respondent,
v Tysean Dixon, appellant. (S.C.I. No. 66/22)

Margaret M. Walker, Poughkeepsie, NY (Seth J. Gallagher of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Amie M. Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered November 28, 2022, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, as the County Court did not discuss the appeal waiver with the defendant until after he had already fully admitted his guilt as part of the plea agreement (see People v Frank, 223 AD3d 683, 683; People v Adyl K., 187 AD3d 1208). In light of this failure, and considering the defendant's young age and lack of criminal history, the record does not establish that the defendant understood the nature of the appellate rights he was waiving at the time he entered his plea of guilty (see People v Frank, 223 AD3d at 683; People v Adyl K., 187 AD3d at 1209). Thus, the purported waiver does not preclude appellate review of the defendant's claim that the court improvidently exercised its discretion in denying him youthful offender status (see People v Green, 205 AD3d 1051, 1052; People v McEachern, 163 AD3d 850, 850-851).
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v Green, 205 AD3d at 1052; see People v Kostyk, 222 AD3d 880, 880). "'In making such a determination, factors to be considered by the court include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Kostyk, 222 AD3d at 880, quoting People v Sutton, 184 AD3d 236, 246; see People v Johnson, 217 AD3d 682, 683). Here, contrary to the defendant's contention, the County Court providently exercised its discretion in denying the defendant youthful offender status (see CPL 720.20[1]; People v Kostyk, 222 AD3d at 880; People v Johnson, 217 AD3d at 683).
Inasmuch as the defendant's purported waiver of the right to appeal was invalid, it [*2]does not preclude appellate review of his excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court