People v Rosales (2021 NY Slip Op 05874)





People v Rosales


2021 NY Slip Op 05874


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-13168 
2018-13170

[*1]The People of the State of New York, respondent,
v
Christian Rosales, appellant. (S.C.I. Nos. 6100/18, 6394/18)


Patricia Pazner, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Laura R. Johnson, J.), both rendered September 10, 2018, convicting him of criminal trespass in the second degree under S.C.I. No. 6100/18, and criminal trespass in the second degree under S.C.I. No. 6394/18, upon his pleas of guilty, and imposing sentences. The appeals bring up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment rendered under S.C.I. No. 6394/18, the portion of the order of protection that was issued in favor of Antonio Efrain Castro Alvarado at the time of sentencing is vacated, as a matter of discretion in the interest of justice; and it is further,
ORDERED that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by vacating so much of the sentences as imposed mandatory surcharges and fees; as so modified, the judgments are affirmed.
The defendant's contention that the portion of the order of protection that was issued in favor of Antonio Efrain Castro Alvarado should be vacated on the ground that the Supreme Court lacked the authority to issue it (see CPL 530.13[4]) is unpreserved for appellate review, as he failed to raise the issue at sentencing (see id. 470.05[2]; People v D.A., 184 AD3d 581, 583). We nevertheless reach the issue in the exercise of our interest of justice jurisdiction (see People v Grimes, 195 AD3d 642, 643).
The Supreme Court had no authority to issue an order of protection in Alvarado's favor since he was neither a victim of, nor a witness to, the crimes to which the defendant pleaded guilty (see CPL 530.13[4]; People v Ortiz, 183 AD3d 918, 918). In fact, all of the charges for which Alvarado was the alleged complainant were dismissed as a consequence of the defendant's pleas (see People v Hanniford, 174 AD3d 921, 922). Accordingly, we vacate the portion of the order of protection that was in Alvarado's favor (see People v Ortiz, 183 AD3d at 918).
The defendant was convicted before the enactment of CPL 420.35(2-a), which permits the waiver of surcharges and fees for individuals, like the defendant, who were less than 21 years old at the time of the subject crimes. This provision, however, applies retroactively to cases, such as this one, that were pending on direct appeal on the effective date of the legislation (see People v Dyshawn B., 196 AD3d 638, 641). Given the People's consent, and in the exercise of our interest of justice jurisdiction, we modify the judgments here to vacate the surcharges and fees imposed (see CPL 420.35[2-a][c]; People v Johnson, 193 AD3d 1076, 1077).
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court