People v Campbell (2024 NY Slip Op 05355)

People v Campbell

2024 NY Slip Op 05355

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-05179
 (Ind. No. 70623/22)

[*1]The People of the State of New York, respondent,
v
Anthony D. Campbell, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky, Timothy Pezzoli, and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered April 13, 2023, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the portions of the order of protection that were issued in favor of Steven Bracciani and David Jensen are vacated, as a matter of discretion in the interest of justice; and it is further,
ORDERED that the judgment is affirmed.
As the People correctly concede, the Supreme Court had no authority to issue an order of protection in favor of Steven Bracciani and David Jensen, since these individuals were neither victims of, nor witnesses to, the crime to which the defendant entered a plea of guilty (see CPL 530.13[4]; People v Fletcher, 220 AD3d 805; People v Rosales, 198 AD3d 988, 989). Accordingly, we vacate those portions of the order of protection that were issued in favor of Bracciani and Jensen.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248; People v Harris, ____ AD3d ____, 2024 NY Slip Op 04570 [2d Dept]). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court