People v Reeves (2025 NY Slip Op 51969(U))

[*1]

People v Reeves (Bryton)

2025 NY Slip Op 51969(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2023-137 Q CR

The People of the State of New York, Respondent,
against
Bryton Reeves, Appellant. 

New York City Legal Aid Society (Everett K. Hopkins of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Amanda Iannuzzi of counsel and Brendan Ransom, law student intern under the supervision of counsel, for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Edwin I. Novillo, J.), rendered December 22, 2022. The judgment convicted defendant, upon a plea of guilty, of unauthorized use of a vehicle in the third degree, and imposed sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

ORDERED that upon the appeal from the judgment, the portion of the order of protection that was issued in favor of Daniel Vazquez Araujo and Amelia Araujo at the time of sentencing is vacated, as a matter of discretion in the interest of justice; and it is further,
ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) in satisfaction of the accusatory instrument. At sentencing, the Criminal Court (Edwin I. Novillo, J.) issued an order of protection in favor of three individuals. Defendant's sole contention on appeal is that the order of protection was improperly issued in favor of two of those individuals, who were neither victims of, nor witnesses to, the crime in which defendant entered a guilty plea. While such contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Nieves, 2 NY3d 310, 316-318 [2004]), we nevertheless reach the issue in the exercise of our interest of justice jurisdiction (see People v Fletcher, 220 AD3d 805 [2023]; People v Rosales, 198 AD3d 988 [2021]; People v Ortiz, 183 AD3d 918 [2020]; People v Hanniford, 174 AD3d 921 [2019]). The Criminal Court lacked the authority to issue the portion of the order of protection that was in favor of these two individuals (see CPL 530.13 [4]; People v Lebron, 233 AD3d 710 [2024]; People v Campbell, 231 AD3d 1168 [2024]; People v Gonzalez, 217 AD3d 965 [2023]). Accordingly, the portion of the order of protection that was issued in their favor at the time of sentencing is vacated.
BUGGS, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025