People v Terrence L. (2021 NY Slip Op 04149)





People v Terrence L.


2021 NY Slip Op 04149


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-10146
 (Ind. No. 5937/05)

[*1]The People of the State of New York, respondent,
v
Terrence L. (Anonymous), appellant.


Mintz & Oppenhein, LLP, New York, NY (Marshall A. Mintz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Donald Leo, J.), imposed July 15, 2019, upon remittitur from this Court for resentencing (People v Lessane, 169 AD3d 827), upon his conviction of attempted robbery in the first degree.
ORDERED that the resentence is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for an order directing that the conviction be deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20[3]), for the imposition of a sentence pursuant to Penal Law § 60.02, and for further proceedings in accordance with CPL 720.35.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forego it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501; see People v Johnson, 193 AD3d 1076, 1076). Under the circumstances of this case, we find that the Supreme Court implicitly determined that the defendant was an eligible youth under CPL 720.10(3) (see People v McCall, 187 AD3d 1682, 1683). The court stated that the defendant was an eligible youth, and the People did not argue that the defendant was not eligible for adjudication as a youthful offender. The court thereafter set forth on the record its consideration of factors relevant to the determination of whether the defendant should be afforded youthful offender status (see People v Lofton, 29 NY3d 1097, 1098; People v Middlebrooks, 25 NY3d 516, 519; People v Marcel G., 183 AD3d 667, 668) with no objection by the People as to that procedure.
However, upon its determination of eligibility, the Supreme Court should have adjudicated the defendant a youthful offender. "In making such a determination, factors to be considered by the court include 'the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Marcel G., 183 AD3d at 668, quoting People v [*2]Cruickshank, 105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625). Here, the updated presentence investigation report by the Department of Probation recommended youthful offender status for the defendant, who was 17 years old at the time of the offense, which was his first encounter with the criminal justice system. As the court noted during the July 15, 2019 hearing, the defendant was cooperative with authorities. Furthermore, the defendant was employed at the time of his probation interview, obtained his GED while incarcerated, and now has a child. We find that, in its consideration of youthful offender adjudication, the court also should have weighed the defendant's undisputed contention that the People had purportedly possessed exculpatory evidence that they had failed to provide to the defendant, the People's loss of which apparently preceded the plea agreement offered by the People, against the nature of the offense and the defendant's admitted role in it (see People v Marcel G., 183 AD3d at 668; People v Thomas, 181 AD3d 727, 727).
Accordingly, we remit the matter to the Supreme Court, Kings County, for resentencing in accordance with this determination.
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court