People v Jamal J.
2026 NY Slip Op 03979
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Jamal J. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-04854, (Ind. No. 70553/22)
Colleen D. Duffy, J.P.
Angela G. Iannacci
Paul Wooten
James P. McCormack, JJ.

Margaret M. Walker, Poughkeepsie, NY (Seth J. Gallagher of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 17, 2023, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, the conviction is deemed vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20[3]), the sentence is vacated, and the matter is remitted to the County Court, Dutchess County, for the imposition of a sentence pursuant to Penal Law § 60.02, and for further proceedings in accordance with CPL 720.35.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. The County Court did not discuss the appeal waiver with the defendant until after he had entered his guilty plea and fully admitted his guilt. Under the particular circumstances of this case, including the defendant's young age, lack of criminal history, and need to confer with counsel during the oral colloquy concerning the appeal waiver, the record did not sufficiently demonstrate that the defendant was aware that a waiver of his right to appeal was a condition of the plea agreement at the time he entered his guilty plea (see People v Dixon, 233 AD3d 1026; People v Frank, 223 AD3d 683; cf. People v Futrell, 245 AD3d 737; People v Jusufov, 242 AD3d 769). Thus, the purported waiver does not preclude appellate review of the defendant's contention that the court improvidently exercised its discretion in denying him youthful offender status (see People v Dixon, 233 AD3d at 1027).
When, as here, a defendant who would otherwise be an "eligible youth" has been convicted of an armed felony, the sentencing court is required to make a determination as to whether the defendant is an eligible youth pursuant to CPL 720.10(3), even if the defendant does not request it (People v Middlebrooks, 25 NY3d 516, 519; see People v Rudolph, 21 NY3d 497, 501). The County Court in the present case indicated that "every defendant who is eligible for youthful offender treatment has the right to have the sentencing court review and determine whether such treatment is justified" and proceeded to review and determine whether youthful offender treatment was justified. The People did not object to this procedure or argue that the defendant was not eligible for adjudication as a youthful offender. Under the circumstances of this case, we find that the court implicitly determined that the defendant was an eligible youth under CPL 720.10(3) (see People v Terrence L., 195 AD3d 1041, 1041).
Upon its determination of eligibility, the County Court should have adjudicated the defendant a youthful offender. "In making such a determination, factors to be considered by the court include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (id. at 1042 [internal quotation marks omitted]; see People v Marcel G., 183 AD3d 667, 668).
Here, the defendant was only 17 years old at the time of the crime and had no criminal history, and there was no evidence of any prior acts of violence on his part. Despite personal challenges, the defendant graduated from high school with good grades in math/science, English, and government/economics. The defendant had the support of his parents, who appeared in court with him. He submitted numerous letters attesting to his good character by a variety of individuals in his community, including teachers, a coach, and a preacher. Further, the defendant showed respect for the law by cooperating with the authorities, including by turning himself in to the police and by accepting responsibility through his guilty plea. The totality of these circumstances demonstrated that "the interest of justice would be served by relieving the [defendant] from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years" (CPL 720.20[1][a]; see People v Terrence L., 195 AD3d at 1042; People v Marcel G., 183 AD3d at 668).
Accordingly, we reverse the judgment, deem the conviction vacated and replaced with a finding that the defendant is a youthful offender (see CPL 720.20[3]), vacate the sentence, and remit the matter to the County Court, Dutchess County, for the imposition of a sentence pursuant to Penal Law § 60.02 and for further proceedings in accordance with CPL 720.35.
DUFFY, J.P., IANNACCI, WOOTEN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court